

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENNIS RUSSELL HOOPER,<br><br>  Plaintiff-Appellant,<br><br>  v.<br><br> JACKSON COUNTY SHERIFF'S OFFICE; MIKE WINTERS, Sheriff,<br><br>  Defendants,<br><br>  and<br><br> DAVID PENKAVA, Deputy,<br><br>  Defendant-Appellee. | No. 15-35521<br><br>D.C. No. 1:13-cv-01400-CL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Mark D. Clarke, Magistrate Judge, Presiding

Argued and Submitted October 10, 2017
Gonzaga University, Spokane, Washington

Before:  GRABER, PAEZ, and CLIFTON, Circuit Judges.

---

   [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

While on patrol, Defendant Deputy David Penkava pulled over Plaintiff Dennis Russell Hooper, believing that he was driving without a valid Oregon license, and cited Plaintiff for traffic violations. The state court acquitted Plaintiff of the citations. He then brought this action under 42 U.S.C. § 1983, alleging that Defendant had pulled him over without reasonable suspicion, in violation of the Fourth Amendment. A jury found for Defendant. Plaintiff moved for a new trial on the ground of unfair surprise. The district court denied the motion, and Plaintiff timely appeals. Reviewing for abuse of discretion, Molski v. M.J. Cable, Inc., 481 F.3d 724, 728 (9th Cir. 2007), we affirm.

Defendant's original declaration contained certain factual inaccuracies and failed to include some information. But during his pretrial deposition, Defendant corrected the inaccuracies and supplied the missing information. Plaintiff took the deposition in August 2014, and the trial did not occur until February 2015. Defendant's testimony at trial was consistent with his deposition testimony. Moreover, the defense theory remained unchanged: that Defendant possessed information that led him to believe Plaintiff was driving without a valid Oregon license. Accordingly, Plaintiff was not surprised, unfairly or otherwise.

**AFFIRMED.**